NOT DESIGNATED FOR PUBLICATION

No. 126,467

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CIERA MARIE JERNIGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Submitted without oral argument. Opinion filed July 26, 2024. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: Ciera Marie Jernigan appeals the district court's order revoking her probation and ordering her to serve her original sentence. Jernigan claims the district court abused its discretion by failing to consider her circumstances, which includes her mental health history and the availability of resources in the community to help meet her needs. After thoroughly reviewing the record, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2022, Jernigan pleaded guilty to violating the Kansas Offender Registration Act. The facts supporting the conviction are irrelevant to this appeal. The district court sentenced her on February 28, 2022, to 18 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

In June 2022, the State moved to revoke Jernigan's probation on several grounds. The district court held a probation violation hearing on August 15, 2022, and found that Jernigan had violated the terms of her probation by failing to report, failing to restart mental health treatment, falsely reporting employment status, failing to register her residences, and for staying in Missouri without permission to be there. The district court imposed an intermediate three-day jail sanction and reinstated Jernigan's probation.

In November 2022, the State again moved to revoke Jernigan's probation on several grounds. Jernigan failed to appear at a hearing on February 13, 2023, and her appointed counsel informed the court that he was unable to contact her because her phone number was no longer in service. The district court ordered a bench warrant.

Jernigan was arrested on May 2, 2023, and the district court held a probation violation hearing on May 15, 2023. Joanna Lee, Jernigan's intensive supervision officer, testified that Jernigan failed to report on November 8, 2022. Lee spoke with Jernigan on the phone, and she stated she was at the Crisis Stabilization Unit and would miss her appointment with Lee. Lee contacted personnel with the Crisis Stabilization Unit, who reported that Jernigan was not there. Jernigan also failed to appear for a drug test on November 15, 2022, and failed to inform Lee of a change of residence after she moved. Jernigan only reported twice between December 12, 2022, and her arrest on May 3, 2023. Jernigan needed to complete a mental health assessment, but Lee testified that she had not done so. Jernigan tested positive for THC on November 3, 2022.

Jernigan testified on her own behalf. She claimed that she missed the November 8, 2022 reporting time with Lee because she had a "huge mental health concern" that included suicidal thoughts, so she went to the emergency room. She testified that the positive THC test was the result of a legal substance called "Delta 8" that she purchased at a local vape shop. Jernigan admitted having "no reason not to go report to probation" on November 8, 2022, but then stated she did not go because she did not have a car.

After the evidence was presented, Jernigan's counsel argued that she had since completed a mental health evaluation in jail and that with mental health treatment she would be more successful on probation. After hearing the evidence and arguments, the district court considered that Jernigan had left the state twice without permission and had served a three-day jail sanction in this case. The judge then made the following findings:

> "So, the question is just how much effort do I want to require our Community Corrections Office to try to help you succeed? It just seems to me that you're just not a good candidate for probation and you know what it's like spending time in prison because I have sent you to prison before. And so I was wanting you to succeed on probation. But you just—you just haven't done it, haven't done what needs to be done.
> "So, I'm going to make the finding that the evidence presented here today is sufficient to show that it is more probable than not that you violated the terms and conditions of each and every one of those violations as stated in the affidavit that was filed on November 28th, '22, but yet signed by Ms. Lee on the 22nd of November, 2022. And that you are in direct violation of your probation and the Court is going to order that you serve the balance of your sentence with the Kansas Department of Corrections. And I wish you well, Ms. Jernigan, but I think that I have exhausted all the services that our local Community Corrections or any other community corrections office can provide to you at this time."

The district court revoked Jernigan's probation and ordered her to serve her original sentence. Jernigan timely appealed the district court's judgment.

3

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. Jernigan does not argue there was insufficient evidence to establish a probation violation. Thus, we review the probation revocation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Jernigan concedes that the district court "may" revoke probation under K.S.A. 22-3716(c)(1)(C) after imposing a two- or three-day jail sanction. See K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstance). Put another way, Jernigan does not contest that the district court had the discretion to revoke her probation after having already imposed an intermediate three-day jail sanction. K.S.A. 22-3716(c)(1)(C). Instead, Jernigan argues that the district court abused its discretion for failing to consider her best interests. She claims that viable options existed in the community for her to seek mental health treatment which would "hopefully help stabilize her." The State responds that the district court made a rational decision to revoke Jernigan's probation "given the quantity, quality, and duration of [her] violations."

Jernigan has not met her burden to show the district court abused its discretion. The district court heard testimony that Jernigan had violated her probation in many ways, including failing to report to Lee and then lying about her whereabouts, failing to report for drug testing, testing positive for THC, and failing to complete a mental health assessment. While Jernigan testified that her mental health was suffering and caused her to violate the terms of her probation, the district court either found this testimony to be

incredible, which we will not disturb on appeal, or found that it did not absolve Jernigan's many failures to comply with the basic terms of her probation. See *State v. Netherland*, 305 Kan. 167, 177, 379 P.3d 1117 (2016) ("'Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.'"). So, while sympathetic to the rigors of mental health, we do not find an abuse of discretion where Jernigan continued to violate the terms of her probation even after receiving a three-day jail sanction. Jernigan showed a troubling disregard for the terms of her probation and accomplished little to show a likelihood of improvement in the future. The district court's decision to revoke Jernigan's probation and order her to serve her original sentence was not arbitrary, fanciful, or unreasonable and was not based on an error of fact or law.

Affirmed.